Howard E. Bede, J.
In this action the plaintiff seeks to recover rent in the amount of $1,218.65 from the defendants, husband and wife, for the occupancy of Apartment 041 at premises 1140 Anderson Avenue, Bronx, New York, from November 1, 1969 thru December 31,1970. The lease for the apartment was signed by both defendants. It provided for a term of 2 years and 15 days, commencing on the 15th day of October, 1964 and ending *569 on the 31st day of October, 1966. The parties concede that the defendants’ occupancy of the apartment after the expiration of the lease was that of ‘ ‘ statutory tenants ’ ’, since the premises were rent-controlled under the City Bent and Behabilitation Law (Administrative Code of City of New York, tit. y).
There is no question that the rent sued for herein has not been paid and that it is not in excess of the maximum rent established for the apartment by the City Bent and Behabilitation Administration (Administrative Code, § Y51-4.0).
The defendant, French Staten, failed to interpose an answer or otherwise appear in this action and is now in default. The defendant Bosie Staten, appeared and defended the action as against herself only. At the trial she testified that she moved into the apartment with her husband and that on September 1, 1968, they separated and she moved out leaving him there. She stated that she moved into a room in Apartment B64 in the same building. One Louis Midgett testified that he was the occupant of Apartment B64 on September 1,1968 and it was he who rented Bosie Staten the room therein.
Bosie Staten also testified that at the time she was moving out of the apartment she saw the superintendent of the building and informed him of that fact. She said two days thereafter she called the plaintiff’s office and “ spoke to a lady ” there and told her she had moved from the apartment.
There was testimony on behalf of the plaintiff by Bonald Berlin, who stated that he has been vice-president of plaintiff corporation for two years and has managed the premises in question for eight years. He denied having received any notice that Bosie Staten had vacated the apartment on September 1, 1968. He did admit, however, that rent for the apartment had been paid, by someone, continuously through October, 1969. At the conclusion of the trial, it was the argument of the attorney for the plaintiff, that even if Bosie Staten moved from the apartment on September 1,1968, as she testified, she is still liable to the plaintiff for a portion of the rent since she failed to give the plaintiff proper notice of her intention to vacate.
Subdivision i of section Y51-6.0 of the Administrative Code of the City of New York states that, “ Any statutory tenant who vacates a housing accommodation without giving the landlord at least thirty days ’ written notice by registered or certified mail of his intention to vacate shall he liable to the landlord for the loss of rent suffered by the landlord, but not exceeding one month’s ■rent ” (emphasis supplied; see, also, Bent, Eviction and Behabilitation Begulations, part V, § 51, subd. d).
*570 The court is inclined to believe the testimony of Rosie Staten that she moved from the apartment on September 1, 1968. In that case, she did not occupy the apartment during the period for which rent is sought herein and is not liable to the plaintiff for that rent. The court finds, however, that she failed to give the plaintiff (landlord) notice of intention to vacate prior to moving from the apartment, as required by subdivison i of section T51-6.0 of the Administrative Code and subdivision d of section 51 of the rent regulations.
The question remains, therefore, is whether Rosie Staten is liable to the plaintiff for the ‘ loss of rent suffered ’ ’ but ‘ ‘ not exceeding one month’s rent ” for the failure to give such notice. There appears to be a scarcity of reported cases interpreting the provision of the law involved herein. In fact no reported case has been found deciding the precise issue presented by this matter.
In granting a judgment in favor of the landlord in Maffer Realty Corp. v. Murphy (35 Misc 2d 161), the court found that both tenants moved from the premises without first serving upon the landlord a notice of intention to vacate which resulted in the apartment being vacant for a month. In the case at bar only one tenant moved from the apartment while the other tenant remained, and the rent was admittedly paid for a period of 14 months thereafter. The statute covering the issue presented herein seems to be quite clear. It imposes liability on the tenant for failure to give notice of intention to vacate only if the landlord has suffered a loss of rent as the result thereof. It then limits the liability to the actual loss of rent suffered by the landlord, not exceeding one month. The court finds from the evidence presented herein that the plaintiff has suffered no loss of rent as the result of Rosie Staten moving from the apartment on September 1, 1968 without first serving upon the plaintiff a notice of intention to vacate. The action is accordingly dismissed as to the said defendant Rosie Staten.
Defendant French Staten having defaulted, an inquest was taken against him and judgment is directed to be entered in favor of the plaintiff against the defendant French Staten in the amount of $1,218.65, together with interest, costs and disbursements ;,as prayed for in the complaint.